John O. Dominis *et als. v.* James Campbell *et al.*

## SUPREME COURT—NISI PRIUS.

### JULY TERM—1871.

*Before Hartwell, J.*

JOHN O. DOMINIS *et al.* *vs.* JAMES CAMPBELL *et al.*

*Trespass de bonis asportatis. Jury waived.*

THE KING can sue. A written agreement to lease land for cultivation assented to orally is a good LICENSE for one year, and permission to continue cultivation after one year ESTOPS the party so assenting from treating the lessee as a TRESPASSER in taking off the crop.

FINDINGS AND OPINION OF THE COURT.

The plaintiffs complain that the defendants wrongfully took and converted to their own use, about April 20th, 1871, certain sugar cane then growing on the land of Apuuhua, Lahaina, said cane being the property of the plaintiffs, and in their possession, and lay their damages at $250. The answer is the general issue. The defendants also moved the Court to dismiss the case on the ground that His Majesty the King, one of the parties plaintiff, can neither sue nor be sued in any court or tribunal of this realm. The question of law raised by this motion is reserved for the consideration of the full Court.

The facts in the case I find to be as follows, viz. :

September 5th, 1869, articles of co-partnership were entered into at Honolulu, by John O. Dominis, acting for His Majesty the King, Ferd. W. Hutchison, James Makee and Z. S. Spalding, for manufacturing sugar at Lahaina,

under the style of the West Maui Sugar Association, said Spalding being constituted managing agent for the firm, and authorized, among other things, to lease land and make purchases for the firm business. October 8th, 1869, the following agreement was duly executed, viz. :

"This agreement made and entered into this 8th day of October, 1870, by and between a certain association doing business in Lahaina, Island of Maui, Hawaiian Islands, under the name and style of the WEST MAUI SUGAR ASSOCIATION, parties of the first part, and Kealo, (k.) of Lahaina, Island of Maui, party of the second part, *witnesseth :* That the said party of the second part, for the consideration hereinafter mentioned, doth hereby covenant, promise and agree with the parties of the first part, that he will break up, plant and well and faithfully cultivate in sugar cane the following land situate in the District of Lahaina, Island of Maui, Hawaiian Islands, and described as follows, to wit : One parcel of land in the Ahupuaa of Apuuhua, containing $1\frac{1}{4}$ acres, the property of Namaka, (k.) now occupied and cultivated by Kealo, (k.) containing one and one fourth acres or thereabouts. Such planting and cultivation of sugar cane thereon to be commenced within sufficient time from this date to mature a crop fit for grinding, for the year 1870, and to be continued each year thereafter for the term of seven years next ensuing.

"That when the said several crops of sugar cane, so to be planted, grown and cultivated as aforesaid, shall be ripe and in fit condition to be manufactured into sugar, the party of the second part doth agree to put the same in order for cutting, and to make ready for grinding, and deliver the same to the parties of the first part at the prices hereinafter specified, and the parties of the first part do agree to pay for the same as hereinafter set forth.

"And the party of the second part doth hereby covenant and agree with the parties of the first part, that upon the failure of the party of the second part to well and faithfully

perform the conditions of this agreement, or any of them, as hereinbefore specified, at any time within the period aforesaid, then this agreement, at the option of the parties of the first part, shall be understood, considered and become a covenanted lease of the aforementioned premises for and during the then unexpired term of this agreement, and the said parties of the first part, their agents or servants, are hereby authorized and empowered then and in such case to enter into and upon and occupy the aforementioned and described land and premises and cultivate sugar cane thereon according to the conditions hereinbefore agreed to by the party of the second part, and to deduct all such sums of money as may be paid by them for such cultivation from the proceeds which would have accrued to the party of the second part according to the terms of payment hereinafter specified to be paid to the party of the second part if he should have cultivated the cane as above; and the parties of the first part hereby covenant, promise and agree to receive from the party of the second part all such sugar cane as may be raised, grown, cultivated and delivered, and such sugar cane as may be grown by themselves by virtue of any clause of this agreement, for the term of seven years from the maturing of the crop of 1870, and to pay for the same at the rate of seventy dollars per acre for cane producing two tons of sugar per acre, and for cane producing more or less than two tons of sugar per acre, at the rate of thirty-five dollars per ton, the same to be estimated by weighing and gauging the juice. And it is hereby especially and mutually agreed, that this agreement is made a lien upon the land herein above described, which said land is intended to be bound and is hereby bound for the fulfillment of the same.

"And for the true and faithful performance of all and every of the covenants and agreements above mentioned, the parties to these presents bind themselves, each unto the other, in the sum of one hundred dollars as liquidated damages to be paid by the failing party.

"In witness whereof the parties to this agreement have hereto set their hands and seals this 8th day of October, 1869.

THE WEST MAUI SUGAR ASSOCIATION,

By Z. S. SPALDING, [Scroll.]

Kona

KEALO     X     [Scroll.]"

Kaha.

Signed, sealed and delivered in the presence of—

AND. J. LAWRENCE,

PHILIP MILTON."

Namaka, owner of the said land, was present when the said agreement was executed, and when asked by the said Kealo to sign the same, said he would not, because it was Kealo who was to work the cane. Kealo was Namaka's son-in-law, and lived with him on his land directly adjoining the cane lot. Namaka died at Honolulu, October 20th, 1869, leaving a will by which all his property is devised to his widow and children. Kealo cultivated the cane after Namaka's death, and the crop sold under the agreement of October 8th, 1869, was delivered to the plaintiffs. Kealo continued to occupy and cultivate the land, and November 10th, 1870, made an oral agreement with the plaintiffs, whereby he sold them that year's crop, receiving ten dollars advance, and giving the following receipt, viz.:

"Received, Lahaina, Maui, November 10th, 1871, from the West Maui Sugar Association, the sum of ten dollars, the same being an advance upon the crop of sugar cane now being cultivated by me upon the land known as Apuuhua, said crop being hereby sold unto said Association for and at the rate of thirty-five dollars per ton for each ton of sugar produced from the same.

KEALO, [his X mark.]

Signed and explained in the presence of E. Mayor."

Kealo continued to cultivate this cane until the return from Honolulu of Namaka's widow, Kanui, with her second

husband, Opunui, early in April, 1870. Kanui then applied, with Kealo, to the plaintiffs for some money, and failing to obtain this, Kanui, with her husband, proceeds to the plaintiffs and shows them the articles of agreement between Kealo and the plaintiffs. The defendants, not regarding that agreement as in force after Namaka's death or as binding on his heirs, bought the cane of them, which Kealo had planted and cultivated until a fortnight previous to this last sale; during which fortnight Kealo had not lived on the land, but Kanui and her husband had worked the cane. The defendants paid them $50, and took the following receipt, viz.:

"$50. Received from Messrs. Campbell & Turton the sum of fifty dollars in full for two pieces of cane situated in Apuuhua, Wainee, Lahaina, 1 acre more or less.

Lahaina, April 18th, 1871.

' Received payment,

OPUNUI,

Kona

KANUI     X

Kaha."

T. L. HANAIKE."

The plaintiffs learning that the defendants' men were proceeding to take off this cane sent to them the following letter, viz.:

"LAHAINA, April 20th, 1871.

*Messrs. Campbell & Turton, Lahaina, Maui:*

GENTLEMEN: Please take notice that the West Maui Sugar Association hold a contract with a native named Kealo for a piece of land in the Ahupuaa of Apuuhua, containing 1¼ acres or thereabouts, the property of Namaka, deceased, which said contract was made with the full approval of said Namaka; and that under said contract a crop has been cultivated and matured, of sugar cane, by said Kealo, and by him legally and rightfully sold to this Association under date of November 10th, 1870.

John O. Dominis *et als. v.* James Campbell *et al.*

Any infringement of the rights of this Association in said matter will be dealt with according to law.

I am, gentlemen, yours, &c.,

Z. S. SPALDING,
*For the West Maui Sugar Association.*"

On receipt of this letter the defendants offered to make Kanui refund the $50 she had received, and to pay back the $10 which the plaintiffs had advanced to Kealo, which offer was declined. The cane was taken off by the defendants the same day, and contained fully two and one half tons of sugar, worth $250 in the market. Deducting $35 a ton, the price to have been paid Kealo, and the plaintiffs' loss is $162.50, without reckoning cost of manufacture, of which there is no evidence.

July 15th, 1871, Kanui and her husband executed to the defendants a written lease of said land for the term of five years from April 18th, 1871, for themselves and the minor heirs, of whom they had been appointed guardians. The rent for the entire term was $80.

Under the first agreement with Kealo, the plaintiffs paid him $87 for his crop, of which he paid $10 on debt of Namaka's. Soon after Namaka's death, the widow, Kanui, made a short visit at Lahaina, returning immediately to Honolulu, and at no time, until last April, appearing to object to Kealo's occupation of the premises and cultivation of the land.

The defendants' counsel objected to the admissibility of the articles of agreement of October 8th, 1869, in favor of the plaintiffs, (1,) because their names do not appear therein, or (2,) to affect Namaka and his heirs, because they are not parties to the agreement. To the ruling of the Court against the first objection, exception was taken and allowed. To the further objection by the defendants' counsel, to evidence of Namaka's assent to the said agreement, on the ground that the terms of a written agreement can not be varied or en-

larged by parole, and that the owner's parole license to plant and sell cane for seven years on his land is void as within the statute of Frauds, Parts 4 and 5, Section 1053, Civil Code, the Court ruled, that a parole license to execute a written lease would not be good, but that such license might authorize one to plant and sell a crop, provided the agreement were to be performed within one year.

In accordance with this ruling, the articles of agreement made by the knowledge and consent of Namaka are not to their full extent binding on his heirs. But the fact that Namaka allowed Kealo to occupy and cultivate the land, and assented to the contract for cultivation and sale of cane upon his land, operates to create a tenancy at will, or at least a license to plant, cultivate and sell a cane crop *within a year* from the making of the agreement. In either case, Kealo was entitled to the crop which he planted and worked before Namaka's death, and which in fact he delivered to the plaintiffs.

The conduct of Kanui in allowing Kealo to continue to occupy the land, and to cultivate another crop, knowing as she may be presumed to have known, the agreement of October 8th, 1869, places it out of her power either to treat Kealo as a trespasser, or to claim any right in the crop which he had raised under these circumstances. She could not by sending Kealo away from the land acquire any title to that crop, even against him, still less as against the plaintiffs, to whom he had conveyed all his title. Kanui having no legal claim on this crop, conveyed none to the defendants.

Authorities for the above may be found in Washburn's Real Prop., (ed. 1868,) Washburn's Easements, Browne's Statute of Frauds, Taylor's Land and Tenant, and Parson's Contracts, but as I understand that the case will go before the full Court on all these points, I do not review them.

Judgment is ordered for the plaintiffs in the sum of one hundred and six-two dollars and fifty cents ($162.50,) and costs.

Honolulu, July 25th, 1871.

Affirmed on Appeal to the full Court, January Term, 1872.